ENOCH FAGAN, plaintiff in error, *vs.* MOSES BENTLY, defendant in error.

The Statute of Limitation is not a bar to a suit in this State on a revived judgment from the State of Alabama, unless five years, the statutory period in such cause of action, has elapsed since the revival to the bringing of the suit in this State. The statute commences to run from the point of time when the judgment was revived, and not from the time when the judgment was first obtained, the judgment having been revived according to the statute law of Alabama.

Debt on a foreign judgment, in Troup Superior Court. Tried before Judge BULL, at the November Term, 1860.

Fagan *vs.* Bently.

The record in this case presents the following facts and questions, to-wit:

On the 30th of March, 1840, Enoch Fagan recovered a judgment in the Circuit Court, held in and for the county of Tallapoosa, in the State of Alabama, against Moses Bently and John B. Crawford, for the principal sum of $757 54, and $16 25 for costs. From this judgment an [execution issued, on the 18th day of April, 1840, which was returned *nulla bona,* on the 2d of September, 1840.

At the October Term, 1857, the death of Crawford was suggested, and a *scire facias* issued calling upon Bently to show cause why the judgment should not be revived against him on the ground, that no execution had been issued on the judgment for more than ten years.

The *scire facias* was returned *non est inventus,* and an *alias scire facias* issued and was duly returned *non est inventus,* upon which an order was taken, that a notice requiring Bently to appear and show cause why the judgment should not be revived, be published in the "Dadeville Banner," a weekly newspaper, published in the town of Dadeville, in said county of Tallapoosa, for the space of thirty days, and that a copy of the newspaper, containing the notice, be forwarded to the post office of Bently, in the county of Troup, in the State of Georgia.

At the March Term, 1859, upon a showing to the Court that the previous orders had been fully complied with, it was "ordered and considered by the Court, that said judgment be revived as to said Moses Bently, and that the plaintiff recover of said Moses Bently the said sum of $757 57, with interest thereon from the 30th day of March, 1840, the date of said judgment, together with said sum of $16 25, the cost in said original judgment, and also the costs of this motion, and that the plaintiff have execution for the same, for all which, let execution issue."

On the 16th of May, 1859, execution was issued from this last judgment, and on the 18th of June, 1859, the execution was returned *nulla bona.*

On the 1st day of May, 1860, suit was instituted on this

judgment, in Troup Superior Court, in favor of Fagan against Bently, to which suit Bently pleaded the Statute of Limitations.

On the trial of the case the plaintiff read in evidence an exemplification from the record of the judgment sued on.

The plaintiff also offered in evidence certified copies of sections 2418 and 2419 of the Code of Alabama, published in pursuance of an Act of the General Assembly of Alabama, approved 5th of February, 1852, of which the following are copies.

"CHAPTER XVIII—*Of the revival of judgment.*

"Section 2418. When execution has been issued on a judgment within a year after its rendition, and has not been returned satisfied, another execution may issue at any time within ten years after the *teste* of the last, without a revival of the judgment."

"Section 2419. No execution can issue on a judgment on which execution has not been sued out, within one year after the rendition, until the judgment is revived by *scire facias,* calling on the defendant to show cause why the plaintiff should not have execution on his judgment. But if ten years have elapsed from the rendition, without the issue of the execution; or if ten years have elapsed since the date of the last execution issued, the judgment must be presumed to be satisfied, and the burthen of proving that it is not satisfied is cast on the plaintiff."

Also, a certified copy of An Act of the General Assembly of the State of Alabama, approved 8th of February, 1858, of which the following is a copy:

*AN ACT to amend section 2419 of the Code of Alabama.*

"Section 1. *Be it enacted by the Senate and House of Representatives of the State of Alabama in General Assembly convened,* That no execution shall issue on a judgment or decree of the Circuit, Chancery or Probate Court, on which execution has not been sued out within one year after its ren-

Fagan *vs*. Bently.

dition until the same has been revived by *scire facias*, if the defendant therein is a resident of this State, calling on him to show cause why the plaintiff should not have execution on such judgment or decree, and in case the defendant is a non-resident, the plaintiff shall be required to make affidavit of the fact of non-residence, and that such judgment or decree is unsatisfied, and cause publication to be made for thirty days, in some newspaper published in the county, calling on the defendant to show cause why the plaintiff should not have execution on his judgment or decree; a copy of which newspaper, containing such publication, must be forwarded by mail to such defendant if his post office be known."

All of this testimony was repelled by the Court, upon objection made thereto by counsel for defendant, and judgment of non-suit was awarded against the plaintiff on the grounds:

1. That the original judgment was barred by the Statute of Limitations.

2. That the Circuit Court held for Tallapoosa county, Alabama, had no jurisdiction of the person of Moses Bently in reviving the judgment.

This decision is the error alleged.

B. H. BINGHAM for plaintiff in error.

B. H. HILL, *contra*.

*By the Court.*—LYON, J., delivering the opinion.

When this cause was heard before us, in term, it was insisted in the argument that the Court below, on the trial of the case, rejected the exemplification of the record of the judgment from Alabama, the subject matter of the suit, as evidence, and it is stated in the bill of exceptions that the Court so decided. We ruled then that that decision was erroneous, but on looking since to the certificate of the presiding Judge, I find it there stated that the record was not rejected, but admitted as evidence. In making the decision we were misled by the statement in the bill of exceptions, the place where

we must look to find what was decided on the trial, our attention not having been called to the certificate. The certificate states that the exemplification was admitted, and the case non-suited, on the ground that the suit was bound by the Statute of Limitation.

The only question, therefore, necessary for us to consider is, was the judgment from the State of Alabama the foundation of the suit barred by the Statute of Limitations of the State of Georgia. We hold that it was not. The statute limiting suits or judgments from Courts other than the Courts of this State, is as follows: "All suits upon judgments obtained out of this State shall be brought within five years after such judgment shall have been obtained, and not after." Act of 6th March, 1856, Pam. Acts, page 234, is a substantial re-enactment of the Act of 7th December, 1805. "And the said actions of debt upon judgments, obtained in Courts other than the Courts of this State, within five years next after the judgment shall have been obtained, and not after."

The judgment on which this suit is brought is the revived judgment obtained at the Spring Term of the Circuit Court of Tallapoosa county for the year 1859, and not the old judgment obtained at the Spring Term of that Court, 1839, and therefore the right of the plaintiff to bring suit on that judgment is not barred; it is not within the terms of the act of limitation.

If the judgment, as originally obtained in 1839, had not been revived, and the suit had been for a recovery on such judgment, the Statute of Limitations would have barred that right, but being revived according to the statutory provisions of that State, the judgment of 1859 is the judgment now of force, and not that of 1839, and to it the statute is no reply, as five years had not elapsed from the time that judgment was obtained until this suit was brought.

But it is insisted that as the defendant did not reside in the State of Alabama at the time the judgment was revived in 1859, but in the State of Georgia, as the record shows, that Court had no jurisdiction over the defend-

ant, and the judgment of revival was void as to him. As to the effect of the judgment of revival upon the defendant, we will not now undertake to say—it is not necessary that we should. What we do decide is, that the Statute of Limitation is not a reply. The Court had the power, as all Courts of general jurisdiction have, to revive its judgment under such rules and regulations as may be prescribed by law, and this judgment has been revived in strict conformity to the statutory provisions of the State of Alabama. See statutes of that State on this subject in Reporter's statement of facts, that were in evidence in the trial of the case in the Court below. Whether the defendant is concluded by this judgment of revival, from setting up any meritorious defense that he may have had, then arising since the original judgment was obtained in 1839, and before the judgment of revival in 1859, such as payment, release, etc., we do not say, as no such questions have been made or discussed, but we are inclined to think he would not be, if he failed to receive actual notice of the pendency of the proceedings to revive the judgment.

Let the judgment be reversed.