COLEMAN v. HOWELL.

(Filed October 14, 1902.)

1. INJUNCTION—*Restraining Order—Executors and Administrators.*

A temporary injunction restraining the disposition of assets in this state of an estate administered on in another state, in which the administrator is alleged to have committed a devastavit, was properly continued in this action to the hearing of the cause.

2. JUDGMENTS—*Impeachment—Executors and Administrators—Probate Courts.*

A judgment of the Georgia probate court, discharging an administrtor, may be impeached in this state for fraud of the administrator practiced on the court and the heirs at law.

ACTION by Vina Ann Coleman and others against W. G. Howell, administrator of the estate of M. Q. Coleman, and others, heard by Judge *W. S. O'B. Robinson,* at April Term, 1902, of the Superior Court of COLUMBUS County. From an order continuing restraining order to the hearing, the defendants appealed.

*D. J. Lewis,* and *McLean & McLean,* for the plaintiffs.

*J. D. Shaw, Shepherd & Shepherd,* and *Stephen McIntyre,* for the defendants.

CLARK, J.  This is an appeal from an injunction to the hearing, restraining the widow and children of M. Q. Coleman from converting to their own use, or removing from the State, the assets of the estate of D. K. Coleman, which, it is alleged, are in their possession, and the appointment of a receiver thereof.  It appears that D. K. Coleman died domiciled in Ware County, Georgia, in January, 1895, leaving as his only distributees and heirs at law the plaintiffs and de-

fendants, or those under whom they claim. M. Q. Coleman was, in March, 1895, appointed administrator in Georgia, took into his custody the estate, which the plaintiffs herein allege was worth more than $100,000, and in October, 1895, he obtained from the Ordinary an order discharging him in full settlement. M. K. Coleman died in May, 1897, and his wife administered on the estate, and received a similar order of discharge in June, 1900. The plaintiffs allege in full detail, and duly itemized and specified many and sundry fraudulent acts of said M. Q. Coleman, by which he converted to his own use the great bulk of the assets of D. K. Coleman, and further "that on 7 October, 1895, upon the fraudulent concealment from the Court of Ordinary, in the county of Ware, of the acts hereinbefore set out, without any personal service upon these plaintiffs, and in their absence, and without any of them being represented by any attorney, and without their knowledge of the fraudulent representations made by the said M. Q. Coleman upon his application for discharge, or of the fraudulent practices of which the said M. Q. Coleman had been guilty, as hereinbefore set out, he was granted letters of dismissal as administrator upon said estate by the Court of Ordinary of the county of Ware." The plaintiffs further allege that the false and fraudulent representations by which said M. Q. Coleman procured from them receipts for their respective shares of this estate, and their ignorance of all above-recited representations and acts till a short time before instituting this action; that the defendant Penelope Coleman has removed with her children to this State, and they have brought with them money, goods and effects of M. Q. Coleman—duly itemized—making a total of $65,689, and they allege that "all or a greater part of this amount came from the estate of D. K. Coleman, the same being the proceeds of the property, goods and effects belonging to the estate of D. K. Coleman, fraudulently converted

by his administrator aforesaid"; and it is further alleged that the defendants are converting said property to their own use, and threatening to remove the same from the State, and "unless restrained from doing so will conceal and dispose of all the residue in their hands, so as to prevent any recovery of any part thereof by the plaintiffs in this action." The allegations are full and specific, and are sustained by affidavits and denied by counter-affidavits.

It is clearly a case where the restraining order should be continued till the hearing, when the truth of the disputed matters of facts may be legally and properly determined, unless the defendants are protected from investigation by the order of the Ordinary in Georgia discharging M. Q. Coleman from responsibility, and that is the only point before us. The order discharging the administratrix of M. Q. Coleman cuts no figure, for there is no allegation that she did not administer honestly, and if the assets which came to her hands were really the property of D. K. Coleman, fraudulently and wrongfully converted by M. Q. Coleman, the plaintiffs will not be estopped by any administration thereupon by his widow.

As to the discharge of the Ordinary in Georgia of M. Q. Coleman, the defendants rely upon the provision in the Constitution of the United States, Art. IV, Sec. 1, "That full faith and credit shall be given in each State to the   *   *   * judicial proceedings of every other State." It is well settled that, subject only to the inquiry as to the jurisdiction of the Court rendering the judgment and impeachment for fraud (*Simmons v. Saul*, 138 U. S., 439 ; *Cole v. Cunningham*, 133 U. S., 107), full faith and credit should be given in every other State to a judgment rendered in another State. 2 Black Judgments, Sec. 859. As to impeachment for fraud, Fuller, C. J., in *Cole v. Cunningham*, 133 U. S., at page 113, quotes with approval from *Dobson v. Pearce*, 12 N. Y., 156,

COLEMAN *v.* HOWELL.

62 Am. Dec., 152, as follows: "The Court of Appeals held that while a judgment, rendered by a court of competent jurisdiction, could not be impeached collaterally for error or irregularity, yet it could be attacked for want of jurisdiction, or for fraud or imposition." This ruling was made in New York sustaining a judgment rendered in Connecticut, which had set aside a judgment in New York because procured by fraud. But apart from that, we must consider the nature of an order by the Ordinary in Georgia discharging an administrator, for we are not called upon to give it greater authority here than it has at home. *Pearce v. Olney,* 20 Conn., 544; *Engel v. Scheurmann,* 40 Ga., 206; 2 Am. Rep., 573; *Cage v. Cassidy,* 23 How., 109, cited by Fuller, C. J., in 113 U. S., at page 113. It is not held there to be a judgment in the full and complete sense of that term, and its nature is clearly stated by the following opinion of Simmons, C. J., in *Pass v. Pass,* 98 Ga., at page 794: "Whether a judgment can be attacked collaterally by a party thereto as void because of fraud in its procurement, is a question upon which courts have differed (citing authorities). As to a judgment discharging an administrator, however, the question is settled in this State by our Code, which declares, 'A discharge obtained by the administrator by means of any fraud practiced on the heirs or Ordinary, is *void,* and may be set aside on motion and proof of the fraud' (Sec. 2608); and 'a judgment that is void may be attacked in *any* court, and by *anybody*' (Sec. 3828). 'The judgment of a court having no jurisdiction of the person and subject-matter, or *void for any other cause,* is a *mere nullity,* and may be so held in *any court* when it becomes material to the interest of the parties to consider it' (Sec. 3594)." Such being the provisions of the statute in the State where the order was made, such must be its effect, no greater, no less, here.

If the allegation of fraud practiced is proved, such order

is "void, and can be attacked in any court and by anybody; it is a mere nullity, and may be so held in any court." It may be noted here that the above sections are quoted by Chief Justice Simmons as numbered in the Georgia Code of 1882, sections 2608, 3828 and 3594. These sections are retained, without alteration, in the Georgia Code of 1895, except that these sections are numbered respectively 3511, 5373 and 5369.

The defendants contend, however, that the validity of this very order was questioned and sustained in *Coleman v. Coleman,* 113 Ga., 150, but an examination shows that the case did not go off on the merits, but the injunction was denied for insufficiency of the complaint in respects which are fully cured in this proceeding.

The parties and the property having been removed from Georgia, there is no opportunity to get jurisdiction to move to set aside the judgment in that State. Jurisdiction can be had of both the property and person here, and under the Georgia statute, if the allegations of the complaint are established, the so-called judgment in that State is a mere nullity, and can be so treated in any court. It can not have greater sanctity and force here than in the State where rendered.

If the allegations are not established, judgment will go against the plaintiffs, and the restraining order and receiver will be discharged. If the allegations are established on the trial, the fund may be paid over to an administrator of D. K. Coleman, who can be appointed in this State when assets of his are found here (*Morefield v. Harris,* 126 N. C., 626), or it may be that to save multiplicity of actions the Court may go on and distribute, through the receiver, the fund to the parties according to their several interests, but as to this matter we need express no opinion now.

In continuing the restraining order and receiver to the hearing there was

No Error.