6452. FRANK *v.* WOLF, administrator.

BROYLES, J. 1. Under the facts disclosed by the record, and under the agreed statement as to what is the law of the State of Pennsylvania upon the question at issue, the judgment rendered in that State never became dormant, and therefore could not be legally revived, and, consequently, the action in the city court of Savannah, based upon that judgment and brought more than thirteen years after the date of the judgment, was barred by the statute of limitations, as set forth in section 4354 of the Civil Code of Georgia; and the court did not err in so holding, and in rendering judgment for the defendant. The ruling in *Fagan* v. *Bently*, 32 *Ga.* 534, is not applicable to this case, for there the judgment rendered in Alabama became dormant and was regularly revived, and the suit in Georgia was brought within five years of the revival of the judgment.

2. Neither the constitutional provision (article 4, section 1, of the constitution of the United States) that "full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State," nor any act of Congress passed in pursuance thereof, forbids or prevents an inquiry into the jurisdiction of the court by which the judgment offered in evidence in another State was rendered. Thompson *v.* Whitman, 18 Wall. 457 (21 L. ed. 897). The facts in this case bring it within the ruling of the Supreme Court of

the United States in Owens *v.* McCloskey, 161 U. S. 642 (16 Sup. Ct. 693, 40 L. ed. 837), wherein it is held, (1) that a judgment rendered in an action of debt against a non-resident who has not been served with process or voluntarily appeared has no binding force; and (2) that a revival of a judgment for purposes of execution by scire facias without service of the scire facias upon, or appearance by, the defendant, who was outside of the State, can not operate to remove the statutory bar of the law of another State, in which he resides, and in which the action on the judgment is brought. See also Betts *v.* Johnson, 68 Vermont, 554 (35 Atl. 489), and cases therein cited; Dunn *v.* Dilks, 31 Ind. App 673 (68 N. E. 1035), and cases therein cited; Kirk *v.* United States, 124 Fed. 324; s. c. 131 Fed. 331; s. c. 137 Fed. 753; Pennoyer *v.* Neff, 95 U. S. 714 (24 L. ed. 565); Grover Machine Co. *v.* Radcliffe, 137 U. S. 287 (11 Sup. Ct. 92, 34 L. ed. 670).

*Judgment affirmed.*

DECIDED JANUARY 11, 1916.

Action on foreign judgment; from city court of Savannah— Judge Davis Freeman. February 11, 1915.

*O'Byrne, Hartridge & Wright, Joseph A. Klinges,* for plaintiff. *R. L. Colding, Hitch & Denmark,* for defendant.