## DURDEN v. DURDEN.

ATKINSON, Justice. A decree of divorce rendered in the State of Alabama on a bill of complaint by the husband alleging himself to be a bona fide resident of that State, and the respondent to be a non-resident of the State, which was based upon appearance and pleading alone by the respondent as waiver of service and submission to the jurisdiction, was attacked when pleaded defensively by the complainant in a subsequent action instituted in Georgia by the wife for alimony and attorney's fees. The grounds of attack were based on fraud practiced upon the court and the respondent, by falsely alleging that the complainant was at the time a resident of Alabama, also that the purported answer was fictitious, and the respondent did not appear and plead or authorize anyone to do so for her. *Held:*

1. The decree as against the grounds of attack is not within the provisions of the constitution of the United States, and statutes passed thereunder, requiring that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. The decree may be collaterally attacked for fraud in its procurement. The principle was ruled in *Solomon* v. *Solomon*, 140 *Ga.* 379 (78 S. E. 1079); *Brandon* v. *Brandon*, 154 *Ga.* 661, 667 (115 S. E. 115); *Green* v. *Whatley*, 158 *Ga.* 628 (2) (123 S. E. 871). See also *Frank* v. *Wolf*, 17 *Ga. App.* 468 (87 S. E. 697), and cit.; Constitution art. 4, sec. 1, U. S. C. A. 359, note 101, et seq.; Cole *v.* Cunningham, 133 U. S. 107, 112 (10 Sup. Ct. 269, 33 L. ed. 538); Bell *v.* Bell, 181 U. S. 175 (21 Sup. Ct. 551, 45 L. ed. 804); Coleman *v.* Howell, 131 N. C. 125 (42 S. E. 555); Babcock *v.* Marshall, 21 Tex. Civ. App. 145, 150 (50 S. W. 728); Rigney *v.* Rigney, 127 N. Y. 408, 412 (28 N. E. 405, 24 Am. St. R. 462); McCreery *v.* Davis, 44 S. C. 195, 211 (22 S. E. 178, 28 L. R. A. 655, 51 Am. St. R. 794; Haddock *v.* Haddock, 201 U. S. 562 (26 Sup. Ct. 525, 50 L. ed. 867, 5 Ann. Cas. 1); 15 R. C. L. 934, §§ 411, 412; 9 R. C. L. 509, §§ 331, 332, 333; 19 C. J. 374, § 842; 19 C. J. 375, § 845. "No principle of comity can be invoked to give extraterritorial effect to a judgment obtained by fraud, and without notice." *Matthews* v. *Matthews*, 139 *Ga.* 123, 125 (76 S. E. 855).

2. On the interlocutory trial of the action for alimony in Georgia, on the question of allowing temporary alimony and attorney's fees to prosecute the case, the judge admitted testimony tending to show that the complainant in the divorce suit in Alabama was never a resident of that State, and that the respondent in that action did not sign the purported answer mentioned in the decree, or authorize any one to do so for her, nor did she appear or otherwise waive service or authorize any one to

do so for her. *Held*, that the judge did not err in admitting the evidence over objections (1) that it was an effort to collaterally attack the judgment of a sister State, in violation of the full faith and credit clause (art. 4, sec. 1) of the constitution of the United States; (2) that it was irrelevant and prejudicial. A part of the testimony as to non-residence of the complainant at the time of instituting the action for divorce in Alabama was objected to as a mere conclusion of the witness. The facts were stated by the witness, and the inference drawn from them was authorized.

3. The judgment allowing temporary alimony and attorney's fees was authorized by law, and was not erroneous for any reason assigned. The sole assignment of error on allowance of alimony and attorney's fees was that it was contrary to law.

*Judgment affirmed. All the Justices concur.*

No. 11715. MAY 17, 1937.

*Barrett & Nall,* for plaintiff in error.
*Howard, Tiller & Howard,* contra.