## 40349. BATY v. HOLSTON.

EBERHARDT, Judge. Plaintiff obtained a judgment in Alabama during 1950 against defendant, who was then an Alabama resident but is now a Georgia resident. This suit on that judgment was filed in Clayton County, Ga., in 1961, prior to which plaintiff had begun proceedings in Alabama to revive the judgment (See Ala. Code 7-574). Service was had on the defendant by registered mail and the defendant actually received the notice. The judgment was revived. (The final revived judgment was obtained after suit was filed, but defendant waives any prematurity of the action).

Defendant filed a plea in bar, relying on *Code* § 3-701 providing: "All suits upon judgments obtained out of this State shall be brought within five years after such judgments shall have been obtained." When the case was presented to the trial judge on stipulated facts, he overruled the plea in bar and entered a judgment accordingly. Defendant excepts. *Held:* "The Statute of Limitations is not a bar to a suit in this State on a revived judgment from the State of Alabama, unless five

years, the statutory period in such cause of action, has elapsed since the revival to the bringing of the suit in this State. The statute commences to run from the point of time when the judgment was revived and not from the time when the judgment was first obtained, the judgment having been revived according to the statute law of Alabama." *Fagan v. Bently,* 32 Ga. 534. We view *Fagan* as being controlling, the facts being nearly identical. See also, Annot. 144 ALR 403. Defendant urges us not to follow it because of the full faith and credit clause of the United States Constitution and the cases dealing with that clause. Even if this court were free to deal with this constitutional issue, there is no assignment of error raising it. *Frank v. Wolf,* 17 Ga. App. 468 (87 SE 697) distinguished *Fagan* on the basis that the foreign judgment sought to be revived had never become dormant in the State where it was first procured. Defendant's reliance on *Frank v. Wolf* is misplaced because that feature is not present in this case. Following *Fagan,* as we must, the judgment is

*Affirmed. Felton, C. J., and Russell, J., concur.*

DECIDED SEPTEMBER 20, 1963.

*Marvin O'Neal, Jr.,* for plaintiff in error.
*Arnall, Golden & Gregory, H. Fred Gober,* contra.