23070.  WATKINS v. CONWAY.

DUCKWORTH, Chief Justice.  1. Full faith and credit as required by the Constitution, Art. IV, Sec. I (*Code* § 1-401), is not denied foreign judgments by the provision of *Code* § 3-701, which is: "All suits upon judgments obtained out of this State shall be brought within five years after such judgments shall have been obtained." 50 CJS 448, § 873, and cases cited; Metcalf v. Watertown, 153 U.S. 671 (14 SC 947, 38 LE 861); Great Western Tel. Co. v. Purdy, 162 U.S. 329 (16 SC 810, 40 LE 986).

2. Nor is equal protection required by the 14th Amendment (*Code* § 1-815) denied such judgments because domestic judg-

ments are made valid for 7 years (*Code Ann.* § 110-1001; Ga. L. 1955, pp. 417, 418), and may be revived during dormancy of 3 years from 7 to 10 years after rendition. *Code* §§ 110-1002, 110-1003. This law refers solely to enforceability and is unrelated to suits of any kind.

3. We know of no statutory law of this State dealing with suits on domestic judgments, and none has been cited by counsel for plaintiffs in error. Therefore, when the legislature dealt with foreign judgments in *Code* § 3-701 it was dealing with the named class, "foreign judgments," which was completely unrelated to the subject matter of limitations upon enforcement of domestic judgments within prescribed periods of time as provided in *Code Ann.* § 110-1001, supra.

4. Therefore, the plea of the limitations of *Code* § 3-701 to this suit on a Florida judgment which was instituted more than five years after the date of that judgment was valid, and the court did not err in sustaining the same and dismissing the suit based upon the Florida judgment.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED SEPTEMBER 15, 1965—DECIDED SEPTEMBER 22, 1965—
REHEARING DENIED OCTOBER 7, 1965.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, William G. Vance,* for plaintiff in error.
*Martin McFarland,* contra.