WATKINS *v.* CONWAY.

No. 65. Argued November 9, 1966.—Decided December 5, 1966.

*William G. Vance* argued the cause for appellant. With him on the brief was *Emmet J. Bondurant II.*

*Martin McFarland* argued the cause and filed a brief for appellee.

PER CURIAM.

This litigation began when appellant Watkins brought a tort action against Conway in a circuit court of Florida. On October 5, 1955, that court rendered a $25,000 judgment for appellant. Five years and one day later, appellant sued upon this judgment in a superior court of Georgia. Appellee raised § 3–701 of the Georgia Code as a bar to the proceeding:

> "Suits upon foreign judgments.—All suits upon judgments obtained out of this State shall be brought within five years after such judgments shall have been obtained."

The Georgia trial court gave summary judgment for appellee. In so doing, it rejected appellant's contention that § 3–701, when read against the longer limitation period on domestic judgments set forth in Ga. Code §§ 110–1001, 110–1002 (1935), was inconsistent with the Full Faith and Credit and Equal Protection Clauses of the Federal Constitution. The Georgia Supreme Court affirmed, also rejecting appellant's constitutional challenge to § 3–701. 221 Ga. 374, 144 S. E. 2d 721 (1965). We noted probable jurisdiction under 28 U. S. C. § 1257 (2). 383 U. S. 941 (1966).

Although appellant lays his claim under two constitutional provisions, in reality his complaint is simply that Georgia has drawn an impermissible distinction between foreign and domestic judgments. He argues that the statute is understandable solely as a reflection of Georgia's desire to handicap out-of-state judgment creditors. If appellant's analysis of the purpose and effect of the statute were correct, we might well agree that it violates the Federal Constitution. For the decisions of this Court which appellee relies upon do not justify the discriminatory application of a statute of limitations to foreign actions.[1]

But the interpretation which the Georgia courts have given § 3–701 convinces us that appellant has misconstrued it. The statute bars suits on foreign judgments only if the plaintiff cannot revive his judgment in the State where it was originally obtained. For the relevant date in applying § 3–701 is not the date of the original judgment, but rather it is the date of the latest revival of the judgment. *Fagan* v. *Bently*, 32 Ga. 534 (1861); *Baty* v. *Holston*, 108 Ga. App. 359, 133 S. E. 2d 107 (1963). In the case at bar, for example, all appellant

---

[1] The case most directly in point, *M'Elmoyle* v. *Cohen*, 13 Pet. 312, upheld the Georgia statute with which we deal today. But the parties in that case did not argue the statute's shorter limitation

need do is return to Florida and revive his judgment.[2] He can then come back to Georgia within five years and file suit free of the limitations of § 3–701.

It can be seen, therefore, that the Georgia statute has not discriminated against the judgment from Florida. Instead, it has focused on the law of that State. If Florida had a statute of limitations of five years or less

for foreign judgments as the ground of its invalidity. Instead, the issue presented to this Court concerned the power of the States to impose any statute of limitations upon foreign judgments. See argument for plaintiff, 13 Pet., at 313–320. The language of Mr. Justice Wayne's opinion—"may not the law of a state fix different times for barring the remedy in a suit upon a judgment of another state, and for those of its own tribunals," 13 Pet., at 328—must be read against this argument. And, of course, that opinion cannot stand against an equal-protection claim, since it was written nearly 30 years before the Fourteenth Amendment was adopted.

Neither of the cases cited by the Georgia Supreme Court dictates the result of this case. The first, *Metcalf* v. *Watertown*, 153 U. S. 671, involved a Wisconsin statute which provided a shorter limitation for foreign, as opposed to domestic, judgments. But the holding of the case was merely that this statute should be construed as placing the same limitation on the judgment of a federal court sitting in Wisconsin as would apply to a judgment of a Wisconsin state court. The other precedent cited by the court below, *Great Western Tel. Co.* v. *Purdy*, 162 U. S. 329, dealt with an Iowa statute of limitations on judgments that placed the same limitation on orders of foreign and domestic courts.

[2] The Florida statute of limitations on domestic judgments is 20 years. Fla. Stat. Ann. § 95.11 (1) (1960). Thus, it appears that appellant still has ample time to revive his judgment and bring it back to Georgia. See *Massey* v. *Pineapple Orange Co.*, 87 Fla. 374, 100 So. 170 (1924); *Spurway* v. *Dyer*, 48 F. Supp. 255 (D. C. S. D. Fla. 1942). Moreover, appellant can obtain substituted service of process over appellee in his revival proceeding. Fla. Stat. Ann. § 48.01 (9) (1943).

The Florida procedure for reviving judgments is similar to that of Alabama—Ala. Code, Tit. 7, § 574 (1960)—which was held in *Baty* v. *Holston*, 108 Ga. App. 359, 133 S. E. 2d 107 (1963), to revive a foreign judgment under § 3–701.

on its own judgments, the appellant would not be able to recover here.[3] But this disability would flow from the conclusion of the Florida Legislature that suits on Florida judgments should be barred after that period.[4] Georgia's construction of § 3–701 would merely honor and give effect to that conclusion. Thus, full faith and credit is insured, rather than denied, the law of the judgment State. Similarly, there is no denial of equal protection in a scheme that relies upon the judgment State's view of the validity of its own judgments. Such a scheme hardly reflects invidious discrimination.

*Affirmed.*

MR. JUSTICE DOUGLAS dissents.

---

[3] Such a short statute of limitations for domestic judgments is by no means a matter of mere speculation. See 2 Freeman, The Law of Judgments § 1076 (5th ed. 1925).

[4] If the appellant held a judgment from a State which did not consider its judgments to become dormant, so that no revival proceeding could be brought, we would be faced with a different case. See *Frank* v. *Wolf,* 17 Ga. App. 468, 87 S. E. 697 (1916).