308 So.2d 479 (1975)
LAWYERS TITLE SERVICES, INC., a Florida Corporation
v.
Richard C. BOYLE.
No. 6584.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
*480 Jerald L. Album, Mmahat, Gagliano, Duffy & Giordano, Metairie, for plaintiff-appellee.
Gordon K. Konrad, Gretna, for defendant-appellant.
Before REDMANN, BOUTALL and BEER, JJ.
REDMANN, Judge.
Defendant appeals from a 1974 summary judgment making executory in Louisiana a 1961 Florida money judgment. The Florida judgment is enforceable in Florida for 20 years; Fla.Stat.Ann. § 95.11(1). Defendant pleads on appeal, for the first time, that the judgment is not enforceable in Louisiana after ten years; La.C.C. art. 3547.
The trial court's judgment was correct in obeying La.C.C.P. art. 927 and not supplying the unpleaded objection of prescription. Nevertheless, now that defendant is represented by counsel and has pleaded prescription on appeal as C.C.P. art. 2163 authorizes, we apply the Louisiana statute and sustain that plea despite the Full Faith and Credit clause, U.S. Const. art. 4 § 1. Watkins v. Conway, 1966, 385 U.S. 188, 87 S.Ct. 357, 17 L.Ed. 2d 286.
C.C.P. art. 2163 would ordinarily entitle plaintiff to a remand for "trial" of an exception of prescription. Here, however, there is no issue of fact to be tried. Plaintiff asks remand "for a determination as to whether or not there was a revival of the judgment in Florida." If there has been or is hereafter a new judgment based on the 1961 judgment a new suit can be brought on the new judgment; Watkins, supra.
Reversed; suit dismissed.