## 52358. RETIREMENT CREDIT PLAN, INC. v. MELNICK.

McMurray, Judge.

This case involves a foreign judgment obtained in Wisconsin on December 1, 1967. Plaintiff seeks to enforce it in the Georgia courts in an action filed on August 22, 1974, against defendant now a Georgia resident.

On motion for summary judgment defendant seeks to pierce the pleadings by showing the foreign judgment is more than five years old, and the statute of limitation set forth in Code § 3-701 bars its enforcement in this state. Whereupon, plaintiff amended its complaint attempting to show a revival of the judgment in Wisconsin by an order granting leave to sue. It contends it then could sue on a new cause of action, the Georgia courts having authority to entertain transitory causes of action arising in another state.

The motion for summary judgment was granted in favor of the defendant, and plaintiff appeals. *Held:*

1. On August 22, 1974, defendant's Wisconsin judgment was more than five years old and barred by the statute of limitation contained in Code § 3-701 unless a revived judgment was obtained which is not barred by the five year statute. Watkins v. Conway, 385 U. S. 188 (87 SC 357, 17 LE2d 286); *Fagan v. Bently,* 32 Ga. 534; *Baty v. Holston,* 108 Ga. App. 359 (133 SE2d 107).

2. Examination of the stipulation of facts discloses a Wisconsin court order granting plaintiff leave to sue on the judgment for revival purposes, but no order of revival as that found in *Fagan v. Bently,* supra, and *Baty v. Holston,* supra. Plaintiff, by brief, refers to the fact that the order granting leave to sue was a final appealable judgment which has not been appealed. But this does not make it a "revived" judgment. Nor does it create a transitory cause of action on which the Georgia courts may grant judgment. Georgia courts may grant judgment on the foreign decree but lack authority to revive a Wisconsin judgment. Dormant judgments may be revived under Code Ch. 110-10, but this chapter of the Code, as amended, does not authorize the revival of a foreign judgment.

3. Defendant argues that the Wisconsin judgment has never been dormant under Wisconsin law, hence cannot be revived; and that this case is controlled by *Frank v. Wolf,* 17 Ga. App. 468 (1) (87 SE 697). But this is not established by the evidence, and since we cannot take judicial cognizance of the law of Wisconsin and that which allegedly applies had not been proven in the lower court, we cannot hold that *Frank v. Wolf,* supra, controls. See *Independent Order of Puritans v. Cadden,* 25 Ga. App. 27 (102 SE 454); *Norman v. Sovereign Camp, WOW,* 69 Ga. App. 437 (1) (25 SE2d 887).

4. An order to sue is not an order of revival of a judgment, whether or not the plaintiff had a right to revive. It may be a final order but it is not a final foreign money judgment which plaintiff is seeking to have made into a judgment in this state. The cases as to suits on transitory actions do not support the plaintiff here. The foreign judgment on which plaintiff seeks judgment in this state is barred; and the lower court did not err in granting summary judgment.

*Judgment affirmed. Marshall and Smith, JJ., concur.*

ARGUED JULY 6, 1976 — DECIDED
SEPTEMBER 16, 1976.

*Wills, Catts & Ford, Warren W. Wills, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Warren C. Fortson,* for appellee.