## A95A1261. SMITH v. STATE OF GEORGIA.
(461 SE2d 553)

McMurray, Presiding Judge.

The State of Georgia filed an action in the Superior Court of Jackson County, Georgia, to revive a dormant judgment for attorney fees and litigation expenses entered in the United States District Court for the Northern District of Georgia on June 28, 1985, against Geraldine O. Smith, showing that "all of the parties in whose favor the judgment was entered have executed assignments to the State of Georgia." In her pro se answer, Mrs. Smith admitted that judgment was entered against her on June 28, 1985, but defended in part on the ground that any "claims have been previously settled and satisfied. . . ." Mrs. Smith disputed whether the judgment referenced in the complaint "is subject to revival" and counterclaimed for abusive litigation, breach of the purported settlement agreement, fraud, malicious prosecution, and injunctive relief. The State of Georgia filed a motion for summary judgment pursuant to OCGA § 9-11-56 (a) to revive the federal judgment and for summary judgment pursuant to OCGA § 9-11-56 (b) as to the counterclaims. From the judgment of the superior court granting the State of Georgia's motions for summary judgment and further dismissing defendant's counterclaim for injunctive relief, this direct appeal followed. *Held*:

1. In 13 related enumerations, Mrs. Smith contends the trial court erred in granting the State of Georgia's motions for summary judgment. She first argues that a dormant federal judgment is not susceptible to being revived under OCGA § 9-12-61, relying on this Court's decision in *Retirement Credit Plan v. Melnick*, 139 Ga. App. 570 (2) (228 SE2d 740).

OCGA § 9-12-130 et seq. is the Georgia codification of the Uniform Enforcement of Foreign Judgments Law, enacted by Ga. L. 1986, p. 380, § 1. As used in this law, the term "foreign judgment" expressly applies to a "judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state." OCGA § 9-12-131. A properly authenticated and filed foreign judgment "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner." OCGA § 9-12-132. It follows that ever since the effective date of the Uniform Enforcement of Foreign Judgments Law, the Georgia provision for revival of a dormant judgment, OCGA § 9-12-61, is applicable to revive a dormant federal judgment. "Expressions of the legislature through statutes are conclusive on the question of public policy." *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186). OCGA § 9-12-130 et seq. is the latest expression by the legislature on this

point and must prevail over our earlier opinion construing then Code Ann. Chapter 110-10, now OCGA § 9-12-60 et seq., prior to the enactment of the Uniform Enforcement of Foreign Judgments Law. See, e.g., *Giles v. City of Locust Grove*, 203 Ga. App. 164 (1), 165 (416 SE2d 758). Consequently, Mrs. Smith's reliance upon *Retirement Credit Plan v. Melnick*, 139 Ga. App. 570 (2), supra, is misplaced as the statutory construction employed therein has been superseded by subsequent legislation.

2. Nevertheless, Mrs. Smith contends there is a genuine issue of material fact as to whether there was a settlement or release that satisfied this judgment. See OCGA § 9-13-74. However, Mrs. Smith was unable to produce any written release or satisfaction executed by the judgment creditors or their attorneys. The superior court determined that all of the evidence Mrs. Smith adduced in support of her argument was hearsay, so that there was no "admissible evidence which would indicate that [the judgment creditors] or their representatives entered into any agreement with [Mrs. Smith] concerning release or satisfaction of the judgment." On appeal, Mrs. Smith argues that a cover letter from Michael A. O'Quinn, Esquire, confirms the existence of a settlement and release agreement. We disagree. Standing alone, that cover letter is hearsay as to the existence of any settlement agreement. *Rodgers v. Cumberland Volkswagen*, 167 Ga. App. 826, 828 (307 SE2d 721). Perhaps more importantly, that letter does not purport to itemize the terms of any agreement and pointedly does not recite that Mrs. Smith and her judgment creditors had agreed to settle all claims in exchange for a satisfaction of the federal judgment or an agreement never to enforce it. Since there was no competent evidence in support of Mrs. Smith's claimed defense of settlement, a position for which the State of Georgia as the movant for summary judgment would not bear the burden of proof at trial, the superior court correctly determined that no genuine issue of material fact exists as to whether the State of Georgia is entitled to revive the federal judgment. "If there is no evidence sufficient to create a genuine issue as to any essential element of [Mrs. Smith's] claim [of settlement or accord and satisfaction], that claim [fails]. All of the other disputes of fact are rendered immaterial. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Consequently, in the case sub judice, the grant of summary judgment to the State of Georgia is not erroneous on the ground that genuine issues of material fact exist as to Mrs. Smith's defense based upon an alleged settlement.

3. The remaining contentions have been considered and are found to be without merit. See generally *Hammette v. Eickemeyer*, 203 Ga. App. 243, 244 (416 SE2d 824), where this Court agreed with appellate courts in other jurisdictions and held that "the assertion of counterclaims [is generally] inconsistent with the summary nature of

the uniform law and the purpose of the law, which is to expedite the recognition and enforcement of foreign judgments."

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 16, 1995 —
RECONSIDERATION DENIED SEPTEMBER 1, 1995 — 

Geraldine O. Smith, *pro se.*

*Michael J. Bowers, Attorney General, John C. Jones, Senior Assistant Attorney General, England & McKnight, George M. Weaver,* for appellee.