Stanley HALL, Appellee,

v.

OKLAHOMA FACTORS, INC., an
Oklahoma Corporation,
Appellant.

No. 86876.

Court of Appeals of Oklahoma,
Division No. 3.

May 7, 1996.

Certiorari Denied July 19, 1996.

Philip W. Redwine, Timothy Zahniser, Redwine & Hocker, Norman, for Appellee.

Don R. Nicholson, II, Mark J. Pordos, Kent A. Nicholson, Eagleton & Nicholson, P.C., Oklahoma City, for Appellant.

## OPINION

BUETTNER, Judge:

Federal Savings and Loan Insurance Corporation (FSLIC), receiver for Bell Savings Banc of Texas, obtained a default judgment against Appellee Stanley Hall (Hall) in the amount of $162,707.08 plus attorney fees, in the District Court of McLennan County, Texas. The Texas Court entered judgment January 16, 1990.

Appellant Oklahoma Factors, Inc., as successor in interest to FSLIC, registered the Texas judgment in the District Court of Cleveland County, Oklahoma, pursuant to the Uniform Enforcement of Foreign Judgments Act, 12 O.S.1991 § 719 et seq., April 6, 1995. Hall then sued Oklahoma Factors, alleging that the Texas judgment was unenforceable because it was dormant. Hall prayed for judgment declaring the Texas judgment unenforceable and requested Oklahoma Factors' statement of judgment, which was a lien on Hall's real property, be canceled and removed. Hall moved for summary judgment, which the trial court granted.

On review of summary judgments, this court may "substitute its analysis of the record for the trial court's analysis" because the facts are presented in documentary form only. *Loffland Brothers Co. v. Overstreet,* 758 P.2d 813, 817 (Okla.1988). Summary judgment is properly granted when it appears that there is "no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law ..." 12 O.S.Supp.1993, Ch. 2, App. 1, D.Ct.Rule 13(e). Inferences and conclusions "drawn from the facts must be viewed in the light most favorable to the party opposing the motion." *Flanders v. Crane Co.,* 693 P.2d 602, 605 (Okla.1984).

The facts are not in dispute in this case. The Texas judgment against Hall was rendered January 16, 1990. Neither FLSIC nor Oklahoma Factors attempted execution on the judgment before filing it in Oklahoma April 6, 1995. The issue, a matter of law, concerns application of the Oklahoma dormancy law to a foreign judgment.

If a judgment creditor has not issued execution on his judgment within five years of the judgment, or has allowed five years to pass from the time of the last attempted execution, the judgment becomes unenforceable and without effect and ceases to be a lien on real estate of the judgment debtor. 12 O.S.1991 § 735. Apparently, the

Texas dormancy period is longer than five years. According to the Uniform Enforcement of Foreign Judgments Act (UEFJA), when a foreign judgment is properly authenticated and filed in Oklahoma, it "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner." 12 O.S. 1991 § 721.

 Oklahoma Factors contends that the dormancy period begins running on the judgment from the time it is filed in Oklahoma, not from the time of the original judgment. We disagree. A foreign judgment creditor is governed by the procedural law of the state in which the judgment is filed. The Oklahoma Supreme Court stated that the language found in the UEFJA, "a judgment so filed has the same effect . . . as a judgment of a District Court of this state and may be enforced or satisfied in like manner," means that the "foreign judgment is treated as if it were rendered in the state of filing for enforcement purposes." *First of Denver Mortgage Investors v. Riggs*, 692 P.2d 1358, 1360 (Okla.1985). The *Riggs* court specifically held, at 1362, "that the rendition of judgment in the originating forum state starts the dormancy period running when the Uniform Act is called upon or brought into play. The Act in Oklahoma (12 O.S.1981 § 721) gives the *foreign* judgment the same effect as a judgment of *this* state." (emphasis in original). Even if this statement from *Riggs* is *obiter dictum*, as argued by Oklahoma Factors, we find it to be a compelling statement of the law. Filing a foreign judgment under the UEFJA does not create a new judgment for dormancy purposes, but it does mark the time from which Oklahoma will recognize the foreign judgment as though it were rendered by an Oklahoma Court. Oklahoma's dormancy period being five years, the trial court properly granted summary judgment in favor of Hall because the Texas judgment was unenforceable here.

 Oklahoma Factors asserts that *Riggs* results in a shorter dormancy period for foreign judgments registered in Oklahoma than an original Oklahoma judgment. Because Oklahoma requires a showing of attempted execution on a judgment within five years of the judgment whether the original judgment was rendered in Oklahoma or a sister state, we fail to understand Appellant's argument. Foreign and domestic judgments are treated in the same fashion. Indeed, if the dormancy period began from the date a foreign judgment was filed under the UEFJA, then it would receive preferential treatment over domestic judgments. There is no violation of the constitutional right to equal protection of the laws. *Watkins v. Conway*, 385 U.S. 188, 87 S.Ct. 357, 358, 17 L.Ed.2d 286 (1966).

 Oklahoma Factors next argues that the correct law to apply is the Uniform Statute of Limitations on Foreign Claims Act, 12 O.S.1991 § 105. This Act provides that the "period of limitation applicable to a claim accruing outside of this state shall be that prescribed either by the law of the place where the claim accrued or by the law of this state, whichever last bars the claim." Section 104, however, defines "claim" as "any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute." We will not apply a statute of limitations, which governs bringing an accrued right of action, in preference to a specific statute limiting the time within which to execute on a judgment. *Carter v. City of Oklahoma City*, 862 P.2d 77, 80 (Okla.1993).

For these reasons, we affirm the trial court's grant of summary judgment in favor of Hall.

AFFIRMED.

HANSEN, P.J., and ADAMS, V.C.J., concur.