Christina JENSEN, Respondent,

v.

David FHIMA, Appellant.

No. A06–1409.

Court of Appeals of Minnesota.

May 29, 2007.

Mitchel C. Chargo, Norman I. Taple, Todd Murray, Gurstel Law Firm, P.A., Minneapolis, MN, for respondent.

Donald C. Mark, Jr., Connie A. Lahn, Anthony Gabor, Fafinski Mark & Johnson, P.A., Eden Prairie, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge; DIETZEN, Judge; and WORKE, Judge.

## OPINION

WORKE, Judge.

On appeal from an order denying a motion to stay docketing and enforcement of a foreign judgment that had been renewed two times in the original forum, appellant argues that the district court erred because Minn.Stat. § 548.29 (2006) does not require an affidavit from appellant when

the affidavit of his attorney was sufficient, nor does it require that he post security upon filing the motion to stay. Appellant also argues that the district court exceeded the scope of the motion by making findings on the merits when it should have granted the motion to stay to permit appellant to research and brief the validity and enforceability of the judgment based on a statute-of-limitations argument. Although the district court erred in holding that Minn.Stat. § 548.29 requires the personal affidavit of a judgment debtor and posting of a bond prior to grant of a stay, we affirm because the district court correctly determined that appellant failed to show a ground on which docketing of the judgment would be stayed.

## FACTS

On February 8, 1994, the Los Angeles County Superior Court (superior court) entered a default judgment in the amount of $142,815.70 against appellant David Fhima and in favor of respondent Christina Jensen. On October 12, 1999, the superior court granted respondent's application for renewal of the judgment in the amount of $223,926.22. On August 1, 2005, respondent filed a second application for renewal of the judgment. On October 7, 2005, the superior court granted respondent's application to renew the judgment in the amount of $352,612.82. Notice of renewal was sent to appellant at his home in Minneapolis, Minnesota. Appellant was notified that the renewal extended the "period of enforceability of the judgment until 10 years from the date the application for renewal was filed." Appellant was notified that he could object to the renewal within 30 days after service of the notice; appellant was served on February 9, 2006, but failed to object.

On May 26, 2006, respondent filed the judgment in Hennepin County, under the Uniform Enforcement of Foreign Judgments Act (Act). On June 14, 2006, appel-

lant was notified that the judgment would be docketed on July 7, 2006, unless he obtained an order from a Hennepin County district court judge staying docketing of the judgment. Appellant moved for a stay of the docketing of the judgment and filed an affidavit of one of his attorneys. The affidavit provided that appellant intended to bring a motion to vacate the judgment on the ground that the judgment was no longer enforceable pursuant to Minn.Stat. § 541.04 (2006) and Cal.Civ.Proc.Code § 683.120 (West 2007).

The district court held a hearing on July 6, 2006. Appellant argued that the motion to stay be granted in order for appellant to research and fully brief the legal basis for finding that the judgment was no longer enforceable. Appellant argued that renewal of the judgment only extended the period of enforceability in California; it did not create a new judgment, thus, the judgment expired under Minnesota's ten-year statute of limitations. Respondent argued that although Minnesota, under Minn.Stat. § 541.04, would not recognize a judgment beyond ten years, it did not exclude a judgment that had been renewed and the enforcement extended.

The district court denied appellant's motion for a stay of the docketing of the foreign judgment, finding that respondent validly renewed her judgment and it should be enforced in Minnesota. The district court also found that appellant's motion failed procedurally because he failed to support his motion through sworn affidavit testimony and failed to provide security under Minn.Stat. § 548.29 (2006). This appeal follows.

## ISSUES

I. Did the district court err in interpreting Minn.Stat. § 548.29, subd. 2 (2006) to require a personal affidavit from appellant?

II. Did the district court err in interpreting Minn.Stat. § 548.29, subd. 2 to require appellant to post security upon filing a motion to stay enforcement of the foreign judgment?

III. Did the district court err in exceeding the scope of the motion to stay enforcement of the foreign judgment by making findings on the merits and using those findings as a basis to deny the motion?

## ANALYSIS

### I.

Appellant argues that the district court erred in interpreting Minn.Stat. § 548.29, subd. 2 (2006). Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) (quotation and citations omitted). "A statute should be interpreted, whenever possible, to give effect to all of its provisions; 'no word, phrase, or sentence should be deemed superfluous, void, or insignificant.'" *Id.* (quoting *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999)). And "[w]e are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.*

Appellant argues that the district court erred in interpreting Minn.Stat. § 548.29, subd. 2, to require a personal affidavit from appellant, when his attorney provided an affidavit with his motion. Minn.Stat. § 548.29, subd. 2, provides:

If the judgment debtor at any time shows the district court any ground upon which enforcement of a judgment of any district court or the Court of Appeals or Supreme Court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, upon requiring the same security for satisfaction of the judgment which is required in this state.

Respondent filed the California judgment in Hennepin County on May 26, 2006. Appellant was notified on June 14, 2006, that the judgment would be docketed unless he obtained an order to stay docketing of the judgment. Appellant moved for a stay, attaching an affidavit signed by his attorney. In the affidavit, appellant's attorney recited factual information pertaining to the recorded California judgment. Appellant's attorney provided in his affidavit that appellant intended to move the district court to vacate the judgment on the grounds that the judgment was no longer enforceable because the statute of limitations had expired.

The district denied appellant's motion to stay enforcement of the judgment. Among the reasons for denying the motion, the district court found that the motion failed procedurally because appellant failed to support the motion through sworn affidavit testimony. But Minn.Stat. 548.29, subd. 2, does not require appellant (the judgment debtor) to submit a personal sworn affidavit. The statute requires appellant to "*show[ ] the district court any ground upon which enforcement of a judgment ... would be stayed.*" Minn.Stat. 548.29, subd. 2 (emphasis added).

Respondent argues that appellant was required to support his motion with a personal affidavit because Minn.Stat. 548.28, subd. 1 (2006), provides that "[a]t the time of filing of the foreign judgment, the judgment creditor or the creditor's lawyer shall make and file with the court administrator an affidavit...." Respondent suggests

that because the Act provides in one section that the *judgment creditor or the creditor's attorney* shall file an affidavit, and provides in another section that the *judgment debtor* show grounds upon which enforcement would be stayed, the Act shows the legislative intent behind requiring only the judgment debtor, and not an attorney, to show grounds to stay enforcement.

Appellant was required to move for an order from a district court judge staying docketing of the judgment. "An application to the court for an order shall be by motion which ... shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Minn. R. Civ. P. 7.02(a).

> If the motion is based on any facts, those facts should be stated in the motion in summary fashion, but with sufficient detail to give all parties, and the court, notice of the essential facts relied upon. If the facts have not been established either by admissions in pleadings or by discovery responses, they should be set forth in detail by affidavits of persons having knowledge of the facts.

1 David F. Herr Roger S. Haydock, Minnesota Practice 7.5 (2007).

Here, appellant's attorney's affidavit provided:

> 2. On May 26, 2006, a foreign judgment ("the Judgment") in favor of [respondent] and against [appellant] was filed in Hennepin County District Court pursuant to Minn.Stat. 548.27....
>
> 3. The Judgment was originally filed in the Superior Court of California ... on February 8, 1994....
>
> 4. The Judgment was allegedly renewed in California on two occasions; once on October 12, 1999, and a second time on August 1, 2005....
>
> 5. [Appellant] intends to bring a Motion to Vacate the Judgment on the grounds that the Judgment is no longer

> enforceable pursuant to Minn.Stat. 541.04 and Cal. [Civ. Proc.Code] 683.120....

Attached to the affidavit are exhibits of the May 26, 2006 filing of the foreign judgment, the February 8, 1994 judgment, and the applications for renewal. Appellant's attorney had knowledge of the facts because all of the facts involve dates when the original judgment was filed, when the judgment was renewed, and when the judgment was filed in Hennepin County. Because appellant's motion for an order to stay the docketing of the judgment was based on showing that the statute of limitations had expired, appellant's attorney's affidavit was appropriate and the district court erred in interpreting the statute to require a personal affidavit from appellant.

## II.

Appellant also argues that the district court erred in interpreting Minn.Stat. 548.29, subd. 2, to require security upon filing of the motion. Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr.,* 584 N.W.2d at 393.

> If the judgment debtor at any time shows the district court any ground upon which enforcement of [the foreign] judgment ... would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period, *upon requiring the same security* for satisfaction of the judgment which is required in this state.

Minn.Stat. § 548.29, subd. 2 (emphasis added).

■ Here, the district court found that appellant's motion failed for "procedural defects in failing to support his motion through sworn affidavit testimony and through his failure to provide security...." But the language of the statute requires posting security only if the district court grants the motion to stay en-

forcement of the judgment, not upon filing of the motion. This meaning is clear when compared to other rules requiring the posting of security. For example, Minn. R. Civ. P. 65.03(a) provides that "[n]o temporary restraining order or temporary injunction shall be granted except upon the *giving* of security by the applicant...." (Emphasis added.) Rule 65.03 requires the *giving of security* before a motion shall be granted; whereas Minn.Stat. 548.29, subd. 2, provides that the court shall stay enforcement of the judgment upon *requiring* security. "Giving" security before the granting of a motion compels the moving party to perform the act of posting security before the district court may grant the motion. "Requiring" security obliges the district court to order the posting of security at the time of granting the motion. Therefore, the district court erred in interpreting the statute to require the posting of security at the time of filing the motion and finding that appellant's motion failed procedurally because security was not posted.

### III.

Appellant argues that the district court erred by denying his motion to stay the docketing and enforcement of the judgment. Appellant contends that he made a showing of viable grounds on which the district court should have granted the motion to stay; specifically that the statute of limitations had expired on the enforcement of the judgment. The district court found that because respondent renewed the judgment against appellant, and appellant failed to object, the judgment was enforceable in Minnesota. Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 892 (Minn.1996).

Appellant first argues that the district court improperly made findings on the merits of the statute-of-limitations argument. But Minn.Stat. § 548.29, subd. 2, requires appellant to show the district court grounds upon which the judgment would be stayed. The district court had to consider the merits of appellant's argument in order to determine if he made an adequate showing under the statute.

Appellant also argues that the district court should have granted the motion because he showed that a statute-of-limitations issue exists, and because he showed the district court that a defense to the judgment exists, the district court should have granted the motion to stay enforcement of the judgment in order for him to move to vacate the judgment. The construction and applicability of a statute of limitations is a question of law, reviewed de novo. *Benigni v. County of St. Louis,* 585 N.W.2d 51, 54 (Minn.1998).

The original judgment was entered in 1994. Respondent applied for renewal of the judgment in California in 1999 and 2005. "[T]he filing of the [renewal] application renews the judgment ... and extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed." Cal.Civ.Proc.Code § 683.120(b) (West 2007). The application was filed on August 1, 2005; thus, the judgment was renewed in California for a period of 10 years from August 1, 2005. Appellant argues, however, that the enforceability period was not extended in Minnesota because under the Act the time period for the enforcement of a judgment is provided in Minn.Stat. § 550.01 (2006), and for purposes of that time period, "the date of the entry of a foreign judgment is the original date of entry in the foreign jurisdiction." Minn.Stat. § 548.27 (2006). Appellant suggests, then, that although the judgment is enforceable in California, it is not enforceable in Minnesota because the origi-

nal judgment was entered in 1994. *See* Minn.Stat. § 550.01 ("The party in whose favor a judgment is given ... may proceed to enforce the same, at any time within ten years after the entry thereof. ...").

Decisions in other jurisdictions on the application of statutes of limitations have been inconsistent. Some courts upheld enforcement of a revived foreign judgment.

Some uncertainty exists whether revival of the original judgment in the state of rendition will serve to overcome the recognizing forum's shorter limitation on the original judgment. ... One view distinguishes between revival prolonging the original judgment and revival having the effect of creating a new judgment: the former is said to continue to be barred by the shorter local statute, while the latter is entitled to full faith and credit. However, the implication in the U.S. Supreme Court's decision in [*Watkins v. Conway*, 385 U.S. 188, 87 S.Ct. 357, 17 L.Ed.2d 286 (1966) (per curiam) ] is that *any* revival of a judgment is entitled to full faith and credit.

*See Durham v. Arkansas Dept. of Human Servs.*, 322 Ark. 789, 912 S.W.2d 412, 414 (1995) (giving full faith and credit to a valid Illinois judgment, appropriately revived in that state, under that state's limitations statute); *but cf. Tillinghast v. Tillinghast*, 285 F.Supp. 418, 420 (W.D.Tex. June 13, 1968) ("[S]imply extending the statutory period for the enforcement of the judgment which had been entered in 1943, and did not constitute a new judgment entitled to recognition ... under the full faith and credit clause.").

## DECISION

We conclude that a renewed or revived judgment is entitled to full faith and credit. To conclude otherwise would be inconsistent and against the orderly enforcement of judgments. Therefore, the district court did not err in denying appellant's motion to stay because the statute of limitations period has not expired on respondent's renewed judgment.

**Affirmed.**