238 N.J. Super. 614 (1990)
570 A.2d 485
LINDA M. KRONSTADT, PLAINTIFF-RESPONDENT,
v.
STUART KRONSTADT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1990.
Decided February 26, 1990.
*615 Before Judges DREIER, D'ANNUNZIO and WEFING.
Kevin A. Resnik argued the cause for appellant (Berlin, Kaplan, Dembling & Burke, attorneys; Colleen M. Ready, on the brief).
*616 Robert T. Costello argued the cause for respondent (Robert T. Costello, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendant appeals from an order reviving and consolidating two earlier judgments that plaintiff had obtained against defendant, her former husband. The first judgment, entered June 3, 1982, was for a portion of proceeds from a pending legal action made payable to her pursuant to their property settlement agreement. The second was a December 1, 1982 judgment for support arrearages. Plaintiff was forced to obtain this revived judgment so that it could be entered in Florida which, according to the affidavit of plaintiff's Florida attorney, permits "enforcement of Foreign Judgments only within five (5) years of the Judgment's original rendering." Florida Statutes 55.509 and 95.11.
On notice to defendant, plaintiff successfully moved for an order entering the new judgment. Defendant contends that from a time shortly after the entry of the original judgment he has been a resident of the State of Florida and has had no substantial contacts with New Jersey since that time. Plaintiff does not dispute this fact, but asserts that the original jurisdiction obtained over defendant is sufficient to warrant the entry of the new judgment. N.J.S.A. 2A:14-5 provides in part:
A judgment in any court of record in this state may be revived by proper proceedings ... within 20 years next after the date thereof, but not thereafter.... [Emphasis supplied].
The issue in this case is what are "proper proceedings." The source statute for N.J.S.A. 2A:14-5 is C.S. Limitations of Actions, p. 3166 § 7, Rev. 1877, p. 595, which stated:
That judgments in any court of record of this state may be revived by scire facias ... within twenty years next after the date of such judgment, and not after ...
This language was carried with some minor changes into R.S. 2:24-6, and then into the present statute.
*617 The scire facias proceeding is noted in Blacks Law Dictionary 1208 (5th Ed. 1979) as:
A judicial writ, founded upon some matter of record, such as a judgment or recognizance and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record.... The most common application of this writ is a process to revive a judgment, after the lapse of a certain time, or on a change of parties, or otherwise to have execution of the judgment, in which cases it is merely a continuation of the original action.
The writ or proceeding is further explained in Garner, A Dictionary of Modern Legal Usage 491 (1987), using as an example the very problem facing this court:

Scire facias, literally `you should cause to know,' is the Latinism that has given its name to the judicial writ founded upon a matter of record requiring the person against whom it is issued to show cause why the record should not be [enforced]. E.g., `scire facias to revive a judgment being a continuation of the suit, jurisdiction thereon is in the court where the judgment was rendered, regardless of the residency of the parties.' (citation omitted in original).
The scire facias proceeding has been replaced in New Jersey by an order to show cause, R. 4:52-1 (79 C.J.S., Scire Facias § 2), although there would be no impediment to proceeding by motion, which in this instance would be in the nature of motion for summary judgment, R. 4:46-1 et seq.
This issue was treated in Huff v. Pharr, 748 F.2d 1553, 1554-1555 (11th Cir.1984), which in turn relied upon the procedures discussed in Watkins v. Conway, 385 U.S. 188, 87 S.Ct. 357, 17 L.Ed.2d 286 (1966) (upholding the constitutionality of a Georgia statute similar to that in Florida). In Watkins, the Supreme Court noted that the procedure followed by plaintiff here, i.e., returning to the state that had entered the original judgment to revive that judgment, and then proceeding anew on the revived judgment against defendant in his home state, meets constitutional muster. In Huff, the 11th Circuit noted:
Not at issue in Watkins, however, was whether the court in which the plaintiff sought renewal could exercise personal jurisdiction over the defendant only in accordance with the same due process requirements that were operative in the original suit....
The narrow issue of this appeal is whether the defendant's participation in the original litigation and his connection with the State of California prior to that litigation satisfy the minimum contacts requirement....

*618 We hold the defendant had the requisite minimum contacts with the State of California for the courts of that state to exercise personal jurisdiction over the defendant in the 1982 action. Such contacts were present when the original suit was filed in 1972.... The 1982 action involved a claim uniquely connected with the defendant's previous forum-related activities. Under these circumstances, we do not consider it unfair to require the defendant, when properly served, to submit again to the jurisdiction of the California courts in a suit based upon a judgment previously entered in an action involving the same claim. [748 F.2d at 1554-1555].
And see Berly v. Sias, 152 Tex. 176, 255 S.W.2d 505, 508 (1953); Duffy v. Hartsock, 187 Va. 406, 46 S.E.2d 570, 574 (1948); 49 C.J.S., Judgments § 548e.
We note that the elements to be proven when a judgment is revived are: (1) the judgment is valid and subsisting; (2) it remains unpaid in full, or, if in part, the unpaid balance; and (3) there is no outstanding impediment to its judicial enforcement, e.g., a stay, a pending bankruptcy proceeding, an outstanding injunctive order, or the like. A judgment debtor may contest the revival proceedings on such bases.
While we recommend to the Civil Practice Committee that the rules be amended specifically to define the "proper proceedings" noted in N.J.S.A. 2A:14-5 to revive a judgment, we find that the motion procedure employed by plaintiff in this case was acceptable.[1] As the procedure here was merely a continuation of the action resulting in the original judgments, the renewal judgment was properly entered.
Affirmed.
NOTES
[1] Plaintiff in this case gave notice to defendant, and therefore the issue of the validity of a revival proceeding without notice is not before us. Suffice it to say, the basis of the proceeding is an order to show cause why the revival should not be permitted, or a motion to revive the judgment. In either case, while in personam jurisdiction remains in the judgment state (Huff v. Pharr, supra), due process requires that defendant have notice so that matters such as payment or other satisfaction of the judgment may be brought before the court. As a double protection in the case before us, plaintiff has agreed that any question of payment may be raised anew in Florida.