942 A.2d 878 (2008)
399 N.J. Super. 63
ADAMAR OF NEW JERSEY, INC., Plaintiff-Respondent,
v.
David MASON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 2008.
Decided March 19, 2008.
Michael J. Ward, IV, argued the cause for appellant (Law Offices of Michael J. Ward, L.L.C., attorneys; Mr. Ward, on the brief).
Phillip S. Van Embden argued the cause for respondent (Phillip S. Van Embden, P.C., attorneys; Lauren A. Van Embden, on the brief).
Before Judges AXELRAD, PAYNE and MESSANO[1].
The opinion of the court was delivered by
AXELRAD, J.A.D.
This appeal involves the narrow issue of whether a valid New Jersey judgment that remains unpaid with no outstanding impediment to judicial enforcement can be extended for an additional twenty years by a timely motion for revival under N.J.S.A. 2A:14-5. The trial court granted the creditor's motion for renewal of its judgment, and we affirm.
On October 7, 1986, plaintiff (creditor) obtained a New Jersey judgment against appellant, a Pennsylvania resident, in the amount of $5,028 in the Special Civil Part, which it docketed. In April 1987, it recorded the judgment in Pennsylvania and *879 unsuccessfully levied on appellant's bank account. On August 30, 2006, the creditor filed a motion in New Jersey to renew its judgment for an additional twenty years. It provided a copy of the judgment and a certification respecting validity, nonpayment, and lack of outstanding impediments to enforcement. Based on the post-judgment interest calculation, the creditor sought a renewed judgment in the amount of $10,111.51, plus costs and fees.
Appellant filed an opposing certification admitting liability on the underlying judgment and explaining the reasons for his inability to make payments during the past twenty years and for his unlikely ability to satisfy the debt in the future. He argued the Legislature had only given a judgment a twenty-year life, and there was no statutory or legal authority to extend the judgment further just because the creditor failed to execute upon, or unsuccessfully executed upon, its judgment during that time. According to appellant: (1) the statutory right to "revive" the judgment must be premised on a deficiency in the underlying judgment, such as invalid recordation; and (2) the tolling and extension of the twenty-year limitation period is restricted to situations specifically provided for by statute, such as service of process problems, N.J.S.A. 2A:14-22. Because appellant had resided in the same location for the past twenty years and the creditor was not impeded from effecting execution or service of process against him during that time, appellant argued that the creditor had no basis upon which to extend its judgment.
Judge Nugent entered an order on October 27, 2006, granting the creditor's motion. The court found the creditor proved the following elements necessary to revive a judgment in compliance with Kronstadt v. Kronstadt, 238 N.J.Super. 614, 616-18, 570 A.2d 485 (App.Div.1990): (1) the judgment is valid and subsisting; (2) it remains unpaid in full; (3) there is no outstanding impediment to its judicial enforcement, e.g., a stay, a pending bankruptcy proceeding, an outstanding injunctive order, or the like; and (4) the action to revive was commenced within twenty years after the date the judgment was entered. The court noted appellant's unfortunate circumstances and excuses for nonpayment but found they did not negate the elements of proof established by the creditor, which were the only proofs relevant to renewing its judgment for an additional twenty-year period. This appeal ensued.
The debtor renews his arguments on appeal. We find them unavailing. Appellant's position that the Legislature has only allowed a creditor a twenty-year time period to collect its judgment involves an unduly restrictive reading of N.J.S.A. 2A:14-5 that is inconsistent with the plain language of this statute and N.J.S.A. 2A:17-3, and is contrary to the case law.
N.J.S.A. 2A:14-5 has remained virtually unchanged for over two hundred years.[2] It states, in pertinent part:
A judgment in any court of record in this state may be revived by proper proceedings or an action at law may be commenced thereon within 20 years next *880 after the date thereof, but not thereafter. . . .
N.J.S.A. 2A:17-3, another longstanding statute, provides:
Execution may issue, without a revival of the judgment, at any time within 20 years after its entry.
These statutes have been read in pari materia. In Giordano v. Wolcott, we commented that "[t]hese and cognate predecessor statutes have always been considered to create a twenty-year statute of limitations as to judgments in this state." 46 N.J.Super. 278, 282, 134 A.2d 593 (App. Div.1957) (citing Buchannan v. Rowland, 5 N.J.L. 721, reprint p. 845 (Sup.Ct.1820) and Trustees, etc., Public Schools v. Ott & Brewer Co., 135 N.J. Eq. 174, 37 A.2d 832 (Ch.1944)), certif. denied, 27 N.J. 399, 143 A.2d 9 (1958); see also New Brunswick Sav. Bank v. Markouski, 123 N.J. 402, 412, 587 A.2d 1265 (1991) (noting in dicta that "[a] recorded judgment is effective for twenty years. N.J.S.A. 2A:14-5. A judgment may also be revived, N.J.S.A. 2A:14-5, and execution may issue, N.J.S.A. 2A:17-3, within that period.").
Our courts have consistently construed these statutes to mean that although a judgment holder cannot enforce a judgment that has expired by operation of the statute of limitations, it can revive or extend the judgment for an additional twenty years if it files a proper application within twenty years of its entry. There may be instances in which a creditor seeks to revive a defective judgment, but nothing in N.J.S.A. 2A:14-5 restricts the relief to such extent. The Legislature's choice of the word "revive[]" is consistent with the statute's intent, in part, to breathe new life into older, uncollectible judgments. Moreover, N.J.S.A. 2A:17-3 expressly references revival of a judgment. This language would be superfluous if a judgment could not be extended beyond the initial twenty-year term. It is also clear from the cases that the courts have not adopted the restrictive interpretation of the statute of limitations scheme urged by appellant and have used the term "revive" interchangeably with "extend" and "renew."
In Twist v. Woerst, 101 N.J.L. 7, 127 A. 578 (Sup.Ct.1925), a judgment was entered in the Mercer County Circuit Court on May 9, 1903 and docketed in the New Jersey Supreme Court on May 20, 1903. The Court noted that "[t]o revive this judgment, a writ of scire facias"[3] was delivered to the sheriff on May 11, 1923 and a judgment was entered on June 20, 1923. Id. at 8, 127 A. 578. On the debtor's application, the Court set aside the judgment because the writ to revive was not filed by May 9, 1923, holding the judgment had expired by virtue of the twenty years' limitation provided by the predecessor statute to N.J.S.A. 2A:14-5, which began to run from the date of the judgment in the court, not the date of docketing. Id. at 9-10, 127 A. 578. The Court commented that the proceeding under the statute to revive a judgment "is not an original proceeding, but a mere continuance of the former suit, or, in other words, it is merely a supplementary remedy to aid in the recovery of the debt evidenced by the original judgment." Id. at 10-11, 127 A. 578.
In Cumberland County Welfare Board v. Roberts, the court held that a county welfare board lien has the same force and effect as a judgment, the prescriptive period for bringing an action on a judgment *881 applies, and because it was more than twenty years old and unrevived, it was no longer a valid lien upon realty. 139 N.J.Super. 126, 352 A.2d 621 (Law Div. 1976), aff'd o.b., 148 N.J.Super. 456, 372 A.2d 1143 (App.Div.1977). The court stated:
The prescriptive period for the bringing of an action on a judgment is 20 years. N.J.S.A. 2A:14-5. Such judgment may be revived for an additional period of 20 years provided a proper proceeding or action of law is brought within 20 years of its entry.
[Id. at 129, [352 A.2d 621].]
The court recognized that the county board could have extended its judgment for an additional twenty years but failed to do so, stating:
The [welfare] board could have at any time within 20 years revived its "judgment" without great expense or hardship.
[Id. at 130, [352 A.2d 621].]
In Giordano, supra, we held that the twenty-year statute of limitations on judgments is not tolled by executions on the judgment or by payments on account. 46 N.J.Super. at 282-83, 134 A.2d 593. We affirmed the trial court's entry of summary judgment in favor of the debtor, holding that the original judgment had expired by operation of statutory limitations in 1947, twenty years after its entry in 1927, "it being proven that proceedings for the revival of the judgment were never instituted by scire facias or otherwise, and that therefore [the creditor] enjoyed no rights in respect thereto in 1954. . . ." Id. at 281, 134 A.2d 593.
We similarly noted in a legal malpractice action, while discussing the issue of collectibility of a judgment against the tortfeasor in the underlying case, that "had a judgment been obtained against [the at-fault driver], it would have been valid for 20 years, and, in an appropriate proceeding, might have been extended for another 20 years." Hoppe v. Ranzini, 158 N.J.Super. 158, 169, 385 A.2d 913 (App.Div.1978) (citations omitted).
In 1990 we articulated the following elements to be proven when a judgment is revived under N.J.S.A. 2A:14-5, and upon which the judgment debtor may contest the proceedings:
(1) the judgment is valid and subsisting; (2) it remains unpaid in full, or, if in part, the unpaid balance; and (3) there is no outstanding impediment to its judicial enforcement, e.g., a stay, a pending bankruptcy proceeding, an outstanding injunctive order, or the like. . . .
[Kronstadt, supra, 238 N.J.Super. at 618, 570 A.2d 485.]
Noting that the scire facias proceeding has been replaced in New Jersey by an order to show cause, R. 4:52-1, we found there was no statutory impediment to proceeding by a motion to revive the judgment.[4]Id. at 617, 570 A.2d 485.
Appellant argues that because the facts in Kronstadt presented a different question, i.e., the statute's relation to foreign judgments, its principle cannot be applied to the situation on appeal. We disagree. We recognize that Kronstadt is factually inapposite as it involved the revival of two New Jersey judgments entered in connection with a matrimonial action within the twenty-year period so they could be domesticated in Florida, where the husband resided, as a judgment entered within the preceding five years as required by the *882 Florida statute. See id. at 616, 570 A.2d 485. However, as evidenced by the preceding line of cases, which clearly recognize that a judgment can be extended beyond the initial twenty-year period if a proper revival application is made, Kronstadt's principle of law is equally applicable to any judgment sought to be revived under N.J.S.A. 2A:14-5. See also Singh v. Sidana, 387 N.J.Super. 380, 904 A.2d 721 (App.Div.2006) (upholding recognition and enforcement of a California judgment domesticated in New Jersey during the ten-year lifespan of the judgment under California law, potentially extending its life to approximately thirty years in accordance with New Jersey's twenty-year statute, N.J.S.A. 2A:14-5), certif. denied, 189 N.J. 428, 915 A.2d 1051 (2007).
We therefore hold that the Legislature established a twenty-year term for New Jersey judgments, which can be extended for an additional twenty-year term, provided the creditor files a timely motion to revive and satisfies the Kronstadt elements.
It is undisputed the creditor in the present case has satisfied all the elements necessary to revive its judgment under the statute and case law. Appellant does not contest the validity of the underlying judgment or the timeliness of the creditor's motion. In essence, appellant suggests it is unfair to continue to hold him liable for a debt that he has successfully avoided paying for twenty years. As we do not interpret N.J.S.A. 2A:14-5 to require forbearance of an unsatisfied valid judgment after twenty years, we are not sympathetic to appellant's argument.
It is immaterial to the creditor's entitlement to extend its judgment for another twenty-year cycle whether the debtor has been accessible or whether the creditor has sought to execute on its judgment. Neither N.J.S.A. 2A:14-5 nor N.J.S.A. 2A:17-3 requires a creditor to execute on its judgment as a condition of extending it for another twenty years. In this instance the creditor apparently determined early on that appellant did not have the wherewithal to satisfy the judgment. Consequently, the creditor enhanced the collectibility of its judgment by docketing it both in New Jersey and Pennsylvania so it would serve as a lien, N.J.S.A. 2A:16-12, and appear on a judgment search or credit report.
If the creditor did not file a motion to revive the judgment within twenty years of October 7, 1986, it would have expired by operation of law. The creditor, however, was conscientious and timely sought to revive its validly obtained judgment by proper proceedings pursuant to statute. Having established the elements necessary for revival of the judgment under N.J.S.A. 2A:14-5, and appellant having offered no evidence of impediment to enforcement, the creditor is entitled to an order renewing its judgment for another twenty years.
Affirmed.
NOTES
[1] Judge Messano did not participate in oral argument. However, with the consent of counsel he has joined in this opinion. R. 2:13-2(b).
[2] In Ehnes v. Weldon, we noted the statute of limitations, then designated as R.S. 2:24-6, "has remained unchanged since 1799." 13 N.J.Super. 23, 25, 80 A.2d 123 (App.Div.), certif. denied, 7 N.J. 577, 83 A.2d 379 (1951). In Kronstadt v. Kronstadt, 238 N.J.Super. 614, 616, 570 A.2d 485 (App.Div. 1990), we cited the source statute for N.J.S.A. 2A:14-5 as C.S. Limitations of Actions, p. 3166 § 7, Rev. 1877, p. 595, which stated that "judgments in any court of record of this state may be revived by scire facias . . . within twenty years next after the date of such judgment, and not after . . . [.]" We noted the language was carried with some minor changes into R.S. 2:24-6, and then into N.J.S.A. 2A:14-5. Ibid.
[3] The scire facias proceeding is noted in Black's Law Dictionary 1373 (8th Ed.2004) as:

A writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived.
[4] In accordance with Kronstadt, the "Practice Forms" include a notice of motion to revive a judgment, with a checklist of these elements. See 4 New Jersey Practice, Civil Practice Forms § 63.3, at 544-45 (James H. Walzer) (6th ed.2006); 4A New Jersey Practice, Civil Practice Forms § 80.7, at 391-92 (James H. Walzer) (6th ed.2006).