Matter of First Am. Tit. Ins. Co. v Kenderian (2018 NY Slip Op 00425)





Matter of First Am. Tit. Ins. Co. v Kenderian


2018 NY Slip Op 00425


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09409
 (Index No. 32286/16)

[*1]In the Matter of First American Title Insurance Company, et al., petitioners-respondents, 
v
Ronald . Kenderian, appellant, et al., respondents.


Koplen Law Firm, New City, NY (Michael A. Koplen of counsel), for appellant.
Kleinman, Saltzman & Bolnick, P.C., New City, NY (Garry M. Bolnick of counsel), for petitioners-respondents.



DECISION & ORDER
In a turnover proceeding pursuant to CPLR 5225(b), Ronald V. Kenderian appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated August 12, 2016, as granted the petition to the extent of directing JP Morgan Chase Bank, N.A., to turn over the contents of a safe deposit box maintained jointly by him and Trude S. Bouton and the funds in any account held in his name or jointly by him and Trude S. Bouton.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 1990, Ronald V. Kenderian (hereinafter the appellant) filed a petition for bankruptcy in the United States Bankruptcy Court for the District of New Jersey. In January 1991, the petitioners commenced an adversarial proceeding against the appellant seeking an exception to a discharge in bankruptcy pursuant to 11 USC § 523(b). In June 1991, the Bankruptcy Court granted an exception to discharge and further granted summary judgment on liability in favor of the petitioners. Thereafter, the parties agreed to fix damages, and an Order of Final Judgment and Enforcement of Settlement (hereinafter the Final Judgment) was entered in the Bankruptcy Court on March 8, 1993. The total amount of damages set forth in the Final Judgment was $415,000. On November 28, 2012, the petitioners filed an affidavit and supporting papers with the Superior Court of New Jersey, Law Division, Mercer County, in support of an application to docket the Final Judgment. The Final Judgment in the amount of $415,000 was docketed in the Superior Court of New Jersey on November 28, 2012. On October 13, 2015, pursuant to CPLR 5402, the petitioners filed with the Rockland County Clerk an affidavit and supporting papers for the purpose of filing the Final Judgment in the Supreme Court, Rockland County.
In June 2016, the petitioners commenced this turnover proceeding pursuant to CPLR 5225(b) to direct JP Morgan Chase Bank, N.A. (hereinafter Chase), to turn over the contents of a safe deposit box maintained jointly by the appellant and Trude B. Bouton and the funds in accounts held in the name of the appellant or Bouton to satisfy the Final Judgment. The Supreme Court granted the petition to the extent of directing Chase to turn over the contents of the safe deposit box maintained jointly by the appellant and Bouton and the funds in any account held in the appellant's name or jointly by the appellant and Bouton.
Contrary to the appellant's contentions, the petitioners properly filed the Final Judgment with the Rockland County Clerk on October 13, 2015. At the time of filing, the Final Judgment was extant, as it had been revived and docketed in the Superior Court of New Jersey in November 2012, during its 20-year life span (see NJ Stat Ann §§ 2A:14-5; 2A:17-3; Adamar of New Jersey, Inc. v Mason, 399 NJ Super 63, 942 A2d 878). Accordingly, the Supreme Court was entitled to treat the Final Judgment as a judgment of the Supreme Court of this state (see CPLR 5402[b]) and, thereupon, properly directed Chase to turn over the contents of the safe deposit box and the funds in the accounts held jointly by the appellant and Bouton (see CPLR 5225; Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918).
The appellant's remaining contentions either are without merit or have been rendered academic by our determination.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court