**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2132-18T2

FIRST AMERICAN TITLE
INSURANCE COMPANY
and FIRST JERSEY TITLE
SERVICES, INC.,

     Plaintiffs-Respondents,

v.

RONALD V. KENDERIAN,

     Defendant-Appellant.

_____

Submitted September 24, 2019 – Decided October 3, 2019

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. DJ-252152-12.

Eric Nelson, attorney for appellant.

Sills Cummis & Gross, PC, attorneys for respondents (Jaimee Katz Sussner and Gregory E. Reid, on the brief).

PER CURIAM

Defendant appeals from the Law Division order denying his motion to vacate, nunc pro tunc, a November 28, 2012 domesticated federal court judgment in favor of plaintiffs, reviving their judgment lien. We affirm.

I.

We derive the following facts from the record. In October 1990, defendant filed a petition for bankruptcy. In response, plaintiffs commenced adversarial proceedings against defendant seeking an exception to a discharge in bankruptcy, which the bankruptcy court granted. On March 8, 1993, the bankruptcy court entered a final judgment totaling $415,000 in favor of plaintiffs. On March 11, 1993, the United States District Court docketed the federal judgment as a lien.

On November 28, 2012, plaintiffs submitted an application, granted that day, to docket the federal judgment in the Superior Court of New Jersey, Mercer County. As a result, under the Uniform Enforcement of Foreign Judgments Act, N.J.S.A. 2A:49A-25 to -33, the federal judgment domesticated as a state court lien and became a New Jersey judgment. The Clerk of the Superior Court then sent defendant a written notice, informing him of the recording of the judgment, and advising him he could file a motion in Mercer County if he objected "to the entry of the judgment." Defendant took no action.

In 2015, a series of New York State proceedings subjected defendant to adverse rulings. On October 13, 2015, plaintiffs successfully domesticated their New Jersey judgment in Rockland County, New York. Plaintiffs then commenced a turnover proceeding, requesting the trial court in Rockland County to direct defendant's bank to turn over a safe deposit box and additional funds to satisfy their judgment. In his first opposition since the initial bankruptcy proceedings, defendant answered plaintiffs' petition, arguing the underlying New Jersey judgment expired as a matter of law. On August 16, 2016, the trial court in Rockland County rejected defendant's argument and granted plaintiffs' turnover petition.

On August 26, 2016, defendant appealed the turnover order to the New York Supreme Court, Appellate Division, Second Department. Defendant argued that plaintiffs' domestication of the federal judgment in New Jersey did not revive that judgment, contending it expired back in March 2013. On January 24, 2018, a unanimous four-judge panel found the New Jersey judgment "extant" and revived at the time plaintiffs domesticated the judgment in New York State.

On October 5, 2018, defendant returned to New Jersey and filed the application under review, a motion to vacate the judgment recorded on November 28, 2012, nunc pro tunc. Plaintiffs opposed the motion. On

3

November 28, 2018, the motion court denied defendant's motion, concluding the judgment remained valid and enforceable. The court found plaintiffs properly revived the federal judgment, pursuant to N.J.S.A. 2A:14-5. Furthermore, it found defendant's motion untimely under the doctrine of laches and that the New York State rulings precluded him from litigating the enforceability of the judgment under the doctrine of res judicata. This appeal followed.

## II.

Defendant argues the motion court erred in refusing to vacate the judgment under N.J.S.A. 2A:15-5 for lack of proper proceedings. "The decision whether to grant such a motion is left to the sound discretion of the trial court." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). "The trial court's determination . . . warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. (quoting US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

N.J.S.A. 2A:14-5 addresses the revival of judgments in New Jersey:

> A judgment in any court of record in this state may be revived by proper proceedings or an action at law may be commenced thereon within 20 years next after the date thereof, but not thereafter. An action may be

4

> commenced on a judgment obtained in any other state or country within 20 years next after the date thereof or within the period in which a like action might be brought thereon in that state or country, whichever period is shorter, but not thereafter.
>
> [N.J.S.A. 2A:14-5]

The Legislature has not expressly defined what constitutes "proper proceedings" under N.J.S.A. 2A:14-5. Nonetheless, this court held, to revive a judgment, a party need prove only that "(1) the judgment is valid and subsisting; (2) it remains unpaid in full, or, if in part, the unpaid balance; and (3) there is no outstanding impediment to its judicial enforcement, e.g., a stay, a pending bankruptcy proceeding, an outstanding injunctive order, or the like." Kronstadt v. Kronstadt, 238 N.J. Super. 614, 618 (App. Div. 1990). A New Jersey judgment operates for a period of twenty years, but, the same judgment can be revived within the initial twenty-year period and extended for an additional twenty years. Adamar of New Jersey, Inc. v. Mason, 399 N.J. Super. 63, 70 (App. Div. 2008). New Jersey also recognizes the revival of foreign judgments under the Uniform Enforcement of Foreign Judgments Act, as adopted in N.J.S.A. 2A:49A-27. "As long as a judgment is viable and enforceable in the rendering [jurisdiction] when domestication proceedings are commenced, that judgment becomes enforceable, by the terms of New Jersey Law, at that moment." Singh v. Sidana, 387 N.J. Super. 380, 385 (App. Div. 2006).

Defendant contends that the proper proceedings to revive the judgment at issue in this case required plaintiffs to file their motion in federal court, where the judgment originated. Defendant provides no authority for this position. Moreover, plaintiff's federal judgment met the Kronstadt elements at the time the domestication proceedings began: the federal judgment was valid and subsisting at the time; it remained unpaid in large part; and there were no outstanding impediments to its enforcement. 238 N.J. Super. at 618. We perceive no abuse of discretion in the motion court's denial of defendant's motion to vacate.

III.

Defendant also argues the motion court erred in concluding that the doctrines of laches and res judicata applied in this case, providing alternative bases for denying relief. We disagree.

The doctrine of laches "is an equitable doctrine, operating as an affirmative defense that precludes relief when there is an 'unexplainable and inexcusable delay' in exercising a right, which results in prejudice to another party." Fox v. Millman, 210 N.J. 401, 417 (2012) (quoting County of Morris v. Fauver, 153 N.J. 80, 105 (1998)). In determining whether to apply laches, a court should consider the length of the delay, the reasons for the delay, and any changing circumstances of the parties during the delay. County of Morris, 153 N.J. at 105. The motion court did not abuse

its discretion in finding that defendant, by waiting six years after receiving notice of the domestication of plaintiff's judgment, failed to assert his rights within a reasonable period of time.

Res judicata, or claim preclusion, asserts that once a matter is fully litigated, it cannot be litigated again. Nolan v. First Colony Life Ins. Co., 345 N.J. Super. 142, 153 (App. Div. 2001) (citing Lubliner v. Board of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)). In order for res judicata to apply,

> there must be a valid, final judgment on the merits in the prior action; the parties in the second action must be identical to, or in privity with those in the first action; and the claim in the later action must arise out of the same transaction or occurrence as the claim in the first action.
>
> [Ibid. (citing Watkins v. Resorts international Hotel and Casino, Inc., 124 N.J. 398, 412 (1991)).]

The litigation in New York State applied New Jersey law to the same issue, between the same parties, prior to the proceeding under review. Therefore, the motion court did not abuse its discretion in concluding the doctrine of res judicata also supported the denial of defendant's motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION