**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0640-21

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMES GENCARELLI,

      Defendant-Appellant.

_____

Submitted October 4, 2022 – Decided October 20, 2022

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1413-01.

James Gencarelli, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; William E. Vaughan, Deputy Attorney General, on the brief).

PER CURIAM

Defendant appeals an order granting the State's motion to revive a judgment, arguing, among other things, that the motion judge should have denied the motion based on a six-year statute of limitations instead of granting it based on a twenty-year revival statute. Because the judge correctly applied the law and made factual findings that were supported by the record evidence, we affirm.

I.

On October 17, 1997, defendant executed a consent agreement dated October 9, 1997, in which he agreed to pay $4,000 to the Commissioner of the Department Banking and Insurance of the State of New Jersey to resolve allegations he had violated provisions of the New Jersey Insurance Fraud Prevention Act (Fraud Act), N.J.S.A. 17:33A-1 to -30. Under the terms of the consent agreement, defendant could pay the amount due in monthly $100 payments after an initial payment of $400. The consent agreement contained the following language:

> IT IS FURTHER ORDERED that this Consent Agreement shall be fully enforceable in the Superior Court of New Jersey. If James Gencarelli fails to comply with the terms of this Consent Agreement, either in whole or in part, the Commissioner of Banking and Insurance may, at his or her option, either enforce this Consent Agreement in the Superior Court of New Jersey, or initiate and pursue an action in the Superior

> Court for assessment of any and all civil penalties recoverable pursuant to N.J.S.A. 17:33A-1 et seq. in connection with, or as a result of, the matter described above.

Defendant admittedly failed to make the agreed-upon payments. As a result of that failure, pursuant to the terms of the consent agreement, the State had the option of filing either an action to enforce the consent agreement or an action for an assessment of civil penalties recoverable under the Fraud Act. The State chose the former option. On May 4, 2001, the State filed in Superior Court a complaint seeking a judgment enforcing the consent agreement and requiring defendant to pay the balance owed, plus attorney fees and costs. After the court entered default against defendant for failing to appear, the court on October 11, 2001, granted the State's unopposed motion for entry of final judgment by default and issued a final judgment against defendant in the amount of $3,924.95. The judgment was recorded as a lien on November 9, 2001.

On September 10, 2021, the State moved to revive the judgment and continue the lien pursuant to N.J.S.A. 2A:14-5, asking that the revived judgment reflect the amount due of $5,073.35, which included unpaid principal and post-judgment interest. In support of the motion, the State submitted the certification of an administrative analyst employed by the Department of Banking and Insurance (the Department), who certified the Department had obtained a final

3

judgment against defendant on October 11, 2001, which was docketed as a statewide lien with the Superior Court, and that Department records reflected defendant owed the State $5,073.35 in unpaid principal and post-judgment interest.

Defendant opposed the motion. In an unsworn memorandum, defendant stated he had no memory of the alleged "infraction," signing any papers as to the amount owed, or making any payments. He argued the October 1997 consent agreement was a contract subject to a six-year statute of limitations under N.J.S.A. 2A:14-1 and that the State had filed its "complaint" on September 10, 2021, past the six-year statute of limitations.

In an October 26, 2021 order and written decision, the judge granted the motion, revived the judgment pursuant to N.J.S.A. 2A:14-5, continued the lien against defendant, and ordered the revived judgment to reflect "the current amount due of $5,073.35 . . . ." The judge found the court had entered the final judgment by default on October 11, 2001, and records of the Department confirmed defendant owed a balance.

On appeal, defendant argues the motion judge erred in deciding the motion based on N.J.S.A. 2A:14-5, the twenty-year revival statute, instead of N.J.S.A. 14-1, the six-year statute of limitations for contract claims. He also contends

the judge's decision was arbitrary and capricious because the State caused a time lag of twenty years, the parties' contractual agreement was "outside the purview of the Judiciary of New Jersey," and the judge failed to observe the equitable defense of laches, recognize defendant's arguments, apply the law to the facts of the case, and consider controlling case law.

## II.

We review legal questions, including the interpretation of statutes, de novo. Timber Glen Phase III, Ltd. Liab. Co. v. Twp. of Hamilton, 441 N.J. Super. 514, 521 (App. Div. 2015). We do not disturb a trial judge's factual findings if they are "supported by adequate, substantial, and credible evidence." N. Jersey Media Grp., Inc. v. State, Off. of Governor, 451 N.J. Super. 282, 295 (App. Div. 2017) (quoting Zaman v. Felton, 219 N.J. 199, 215 (2014)). Because the motion judge correctly decided the motion based on the applicable law and his factual findings were supported by the record evidence, we affirm.

In October 1997, the parties entered into a consent agreement. That consent agreement, like all settlement agreements, is a contract. Savage v. Twp. of Neptune, 472 N.J. Super. 291, 305 (App. Div. 2022). Generally, recovery on a contractual claim is subject to a six-year statute of limitations. N.J.S.A. 2A:14-1; see also In re Estate of Balk, 445 N.J. Super. 395, 398 (App. Div.

2016).  However, a breach-of-contract claim by the State in a civil action is controlled by the ten-year statute of limitations set forth in N.J.S.A. 2A:14-1.2.  See State Dep't of Env't Prot. v. Caldeira, 171 N.J. 404, 409 (2002) (finding N.J.S.A. 2A:14-1.2 "provides a general ten-year limitations period for actions brought by the State or its agencies").

Defendant admittedly failed to make the payments he had agreed to make in the consent agreement.  On May 4, 2001, pursuant to the terms of the agreement, the State filed a complaint seeking enforcement of the consent agreement.  The State filed the complaint less than four years after the parties had entered into the consent agreement.  Thus, neither the six-year statute of limitations under N.J.S.A. 2A:14-1, on which defendant incorrectly relies, nor the ten-year statute of limitations under N.J.S.A. 2A:14-1.2 had run, and the State timely filed the complaint within the applicable statute of limitations.

Because defendant had failed to answer the complaint and was in default, the trial court granted the State's motion for entry of final judgment by default and issued a final judgment on October 11, 2001.  That judgment was subsequently docketed as a statewide lien.  A judgment operates for a period of twenty years, see N.J.S.A. 2A:17-3, but, pursuant to N.J.S.A. 2A:14-5, can be revived within the initial twenty-year period and extended for an additional

6

twenty years. <u>Adamar of N.J., Inc. v. Mason</u>, 399 N.J. Super. 63, 70 (App. Div. 2008); N.J.S.A. 2A:14-5 (explaining that "[a] judgment in any court of record in this state may be revived by proper proceedings or an action at law may be commenced thereon within 20 years next after the date thereof, but not thereafter"). To revive a judgment, a party need prove only "(1) the judgment is valid and subsisting; (2) it remains unpaid in full, or, if in part, the unpaid balance; and (3) there is no outstanding impediment to its judicial enforcement, e.g., a stay, a pending bankruptcy proceeding, an outstanding injunctive order, or the like." <u>Adamar</u>, 399 N.J. Super. at 69 (quoting <u>Kronstadt v. Kronstadt</u>, 238 N.J. Super. 614, 618 (App. Div. 1990)).

The State moved to revive the judgment against defendant. A motion is a "proper proceeding[]" to revive a judgment. <u>Kronstadt</u>, 238 N.J. Super. at 618 (quoting N.J.S.A. 2A:14-5). The State filed the motion on September 10, 2021, which was within twenty years of the issuance of the October 11, 2001 judgment the State sought to revive. Thus, the State's motion was timely. And the State clearly met the standard for revival we articulated in <u>Kronstadt</u>.

We comment briefly on defendants' two remaining arguments, neither of which he raised in opposition to the State's motion. Defendant contends the parties' "contractual agreement" was "outside the purview of the Judiciary of

New Jersey."  That argument is belied by the express language of the consent agreement, providing that the consent agreement "shall be fully enforceable in the Superior Court of New Jersey."  Defendant's laches argument is equally unavailing; it is directly contrary to the clear statutory authority set forth in N.J.S.A. 2A:14-5 permitting a party to extend a judgment beyond the initial twenty-year period.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION